JOURNAL ENTRY AND OPINION
The appellant, Lloyd Maynard, appeals the resentencing by the trial court and claims that the trial court failed to make the requisite findings and reasons under the sentencing guidelines. The appellant further claims that as a first time offender, the imposition of such a term of incarceration is not warranted and is improper.
On May 7, 1998, the Cuyahoga County Grand Jury indicted the appellant in a twenty-nine count indictment: eleven counts of aggravated arson, in violation of R.C. 2929.02; ten counts of conspiracy to commit aggravated arson, in violation of R.C. 2929.03; one count of conspiracy to commit arson, in violation of R.C. 2923.01/2929.03; one count of disrupting public services, in violation of R.C. 2929.01/2929.04; one count of breaking and entering, in violation of R.C. 2911.13; one count of conspiracy to commit breaking and entering, in violation of R.C.2929.01/2911.13; and two counts of intimidation, in violation of R.C.2921.04.
At trial, the State nolled counts eleven through twenty, twenty-two, and twenty-four through twenty-six. All counts were then renumbered; counts twenty-one, twenty-three, twenty-seven, twenty-eight, and twenty-nine were re-numbered as counts eleven through fifteen, respectively. The trial court, upon motion of counsel, dismissed count thirteen as there was insufficient evidence presented at trial. The appellant was subsequently found guilty of all remaining counts as amended.
On December 21, 1998, the appellant filed a motion for leave to appeal his conviction and original sentence. This court affirmed the appellant's conviction, but vacated the sentence due to the trial court's errors in imposing consecutive sentences.
At the resentencing hearing, the trial court imposed the following sentence: ten years for each of the eleven counts of aggravated arson; eighteen months for the count of arson; one year for the count of disrupting public service; and one year for the count of intimidation. The trial court ordered all terms of incarceration to be served concurrently. The appellant appeals the trial court's resentencing and asserts the following assignments of error:
 I. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT IMPROPERLY SENTENCED APPELLANT TO SEPARATE PRISON TERMS FOR SEVERAL ALLIED OFFENSES OF SIMILAR IMPORT STEMMING FROM THE SAME CONDUCT, IN VIOLATION OF R.C. 2941.25.
 II. THE TRIAL COURT COMMITTED PLAIN AND PREJUDICIAL ERROR IN ITS RESENTENCING OF APPELLANT ON MAY 11, 2000.
 A. THE TRIAL COURT ERRED IN IMPOSING MORE THAN THE MINIMUM AUTHORIZED SENTENCES WHEN THE STATUTORY REQUIREMENTS FOR DOING SO WERE NOT PRESENT.
 B. THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCES AVAILABLE FOR THE ELEVEN SEPARATE COUNTS OF AGGRAVATED ARSON AND THE SINGLE COUNT OF ARSON.
In appellant's first assignment of error, he contends that the court committed plain error in sentencing him pursuant to R.C. 2941.25.
In State v. Maynard (March 16, 2000), Cuyahoga App. No. 75722, unreported, 2000 Ohio App. LEXIS 1031, this court reviewed this same assignment of error and determined that each count of aggravated arson and the count of arson contain a different element. Id. at 24; therefore, the appellant's offenses are not of similar import as they do not meet the requirements of R.C. 2941.25(A). Appellant's first assignment of error is barred by res judicata.
In appellant's second assignment of error, he contends that the trial court erred in its resentencing of the appellant. The appellant first asserts that the trial court erred when it sentenced him in excess of the statutory minimums for all eleven counts of aggravated arson and one count of arson considering that the appellant had never served a previous prison term.
R.C. 2929.14(B) states:
 * * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender or others. (Emphasis added)
The appellant concedes that the trial court stated that anything less than the maximum sentence and for all other reasons that I have mentioned up to this point, anything else would demean the seriousness of the offense here. (Tr. 2, 16). However, he contends that an or is not an or but an and, and that because the trial court did not state that a minimum sentence would not adequately protect the public from future crimes by the offender, it erred.
In State v. Edmonson (1999), 86 Ohio St.3d 324, the Ohio Supreme Court held:
 We construe this statute to mean unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutory sanctioned reasons for exceeding the minimum term warranted the longer sentence. Id. at 326.
This court finds upon review that the trial court complied with Edmonson in that the longer sentence was warranted and that the minimum sentence would demean the seriousness of the offense. The trial court determined that the appellant master-minded the creation of a three alarm fire, caused the destruction of a building, possessed a total disregard for the health and safety of the community, including the firemen involved, and convinced his own relatives to assist him in this endeavor. Therefore, this court finds clear and convincing evidence that the record supports the imposed sentence insofar as it deviates from the statutory minimum.
The appellant further contends that the trial court erred when it imposed the maximum sentence available for the eleven separate counts of aggravated arson and the single count of arson, in violation of R.C.2929.14(C). The State, during oral argument, conceded to this assignment of error.
R.C. 2929.14(C) provides in pertinent part:
 * * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offender pursuant to division (A) of this section only upon offenders who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes * * *.
Therefore, when a trial court imposes the maximum sentence authorized for an offense by R.C. 2929.14(A), the court is required to make findings that the offender meets one or more of the criteria found in R.C.2929.14(C) and give the reasons for imposing the sentence. State v. Zwiebel (Aug. 29, 2000), Franklin App. No. 00AP-61, unreported, 2000 Ohio App. LEXIS 3882, at 7; State v. Agner (Aug. 3, 2000), Allen App. No. 1-2000-04, unreported, 2000 Ohio App. LEXIS 3677.
In State v. Parker (Dec. 9, 1999), Cuyahoga App. No. 75117, 75118, unreported, 1999 Ohio App. LEXIS 5913, this court determined that the words used by the trial court in sentencing the defendant to the maximum term of incarceration did not convey the sentiments necessary to impose the maximum sentence. Id. at 22. The trial court stated in its sentencing * * * I reviewed the mitigation report and I reviewed the facts of this case and the court finds that you did place many people in jeopardy of their lives in this case. However, this court determined that the trial court did not convey that the defendant had committed the worst form of the offense," (upon offenders who) or "pose[d] the greatest likelihood of committing future crimes as required by R.C. 2929.14(C).
In the case at bar, the trial court, in its sentencing of the appellant, stated that * * * the overriding purpose of sentencing is to protect the public from future crimes by he and others. The trial court then discussed the nature of the appellant's actions, the seriousness of the fire the appellant had master-minded, and his use of his own relatives to start the fire, all for retaliation toward the landlord. This court finds that the verbiage used by the trial court does not satisfy the findings necessary under R.C. 2929.14(C). The record does not include any statements by the trial court that the appellant received the maximum sentence because he committed the worst form of the offense, nor does it state that the appellant posed the greatest likelihood of committing future crimes. The trial court's opening statement about the purpose of sentencing was not sufficient, nor does this court believe it satisfies the mandate under R.C. 2929.14(C); therefore, this case is remanded to the trial court to make the necessary findings for imposition of the maximum sentence on the appellant.
It is ordered that appellee and appellant share the costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________________________ FRANK D. CELEBREZZE, JR. PRESIDING JUDGE
JAMES J. SWEENEY, J., CONCURS. COLLEEN CONWAY COONEY, J., CONCURS IN JUDGMENT ONLY.